```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```
_____

```
AUBRY ODOM,                           )
                                      )
     Plaintiff,                       )
                                      )
v.                                    )
                                      )      No. 05-2258 Ma/P
SHELBY COUNTY, TENNESSEE, et al.,     )
                                      )
     Defendants.                      )
                                      )
```
_____

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING
PLAINTIFF'S CLAIMS AS TO REMAINING DEFENDANTS**
_____

Plaintiff Aubry Odom ("Odom") brings this action under 42 U.S.C. § 1983, alleging that employees of Shelby County ("the County") manifested deliberate indifference and violated his Eighth and Fourteenth Amendment rights by failing to afford him adequate medical care when he was held in the Shelby County Jail ("the Jail") as a pre-trial detainee and by failing to ensure that the Jail was free of infestation by spiders. Before the court is the Motion to Dismiss or, in the Alternative, for Summary Judgment, filed on July 18, 2005, by Defendants Shelby County, Tennessee; the Honorable AC Wharton ("Wharton"), who is sued individually and in his capacity as mayor of the County; Shelby County Sheriff's Department ("the Department"); Mark Luttrell ("Luttrell"), who is sued individually and in his

capacity as sheriff of the County; and James Coleman ("Coleman"), who is sued individually and in his capacity as director of the Jail (collectively, "the County Defendants").[1]  Odom filed a response on August 17, 2005.  For the following reasons, Defendants' motion is GRANTED, and the court DISMISSES *sua sponte* Plaintiff's claims as to all remaining Defendants.

When this action was brought, on April 6, 2005, Odom was incarcerated. (Coleman Aff. ¶ 6.) Therefore, the requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997 et seq., apply. The County Defendants assert that Odom's complaint must be dismissed because Odom has failed to allege and to show that he exhausted all of his administrative remedies as required under the PLRA, 42 U.S.C. § 1997e(a), which states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Although Odom's claims arise from a particular event that occurred while he was held in the Shelby County Jail, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular

---

[1] There are nine additional defendants, including Correctional Medical Services, the Jail's medical services provider, and employees of the Jail.

episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).  A prisoner bringing federal claims in the Sixth Circuit must allege and show in his complaint that he has exhausted all administrative remedies and "should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint." Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998). To show that he has exhausted his administrative remedies, a plaintiff generally must show that he has filed a grievance as to all claims and defendants, received a response, and, if his grievance is denied, appeal that ruling to the highest possible level. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005) (complaint should be dismissed in its entirety where some claims have been exhausted and some have not); White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997) (complaint dismissed where inmate plaintiff filed grievance but did not appeal its denial).

In his complaint, Odom alleges that he attempted to file two Inmate Grievance Forms requesting emergency medical care, but that both were rejected because he had not signed them. (Am. Comp. ¶¶ 17, 19.) Once Odom received medical care, he did not attempt to file any further complaints against any Defendant for their alleged deliberate indifference to his requests for medical care. In his response to the County Defendants' Motion to Dismiss, Odom appears to assume that, once his medical emergency

3

had passed, there was no longer any need to use the administrative grievance system at the Shelby County Jail. (Pl.'s Resp. 6.) That is incorrect. That the medical crisis had passed does not mean that Odom could no longer file grievances as to his claims that his care was delayed or that particular employees provided inadequate medical care. Furthermore, Odom provides no evidence that he ever filed or attempted to file a grievance as to the Jail's alleged spider infestation, which even if the other claims had been fully exhausted, would require dismissal of Odom's entire complaint. Bey, 407 F.3d 801.

Odom further asserts that the fact that he did not get a hearing on the merits and that his grievances were not addressed at all until after he had received the requested medical care shows that his attempts to use the grievance system were futile. (Id.)  The requirement that a prisoner exhaust his grievances, however, is mandatory, not jurisdictional, and therefore, the district court does not have the discretion to waive the requirement. Wyatt v. Leonard, 193 F.3d 876, 879 (6th Cir. 1999).

Because Odom has not exhausted his administrative remedies, the County Defendants' Motion to Dismiss is GRANTED. Furthermore, in the Sixth Circuit, "[d]istrict courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant." Brown, 139 F.3d at 1104. Therefore, the court DISMISSES the complaint as to the nine remaining Defendants. The complaint is DISMISSED as to all claims and all defendants without prejudice.

So ordered this 31st day of January 2006.

s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE